IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNY MARTINEZ, ID # 1080955,<br>    Petitioner,<br>vs.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>    Respondent. | No. 3:07-CV-0619-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges (1) his guilty plea to two counts of aggravated robbery in Cause Nos. F01-48414-PN and F01-73144-PN; (2) the subsequent revocation of his deferred adjudication probation and adjudication of guilt; and (3) the resulting twenty-five year sentence. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

In January 2001, the State indicted petitioner for two aggravated robberies with a deadly

weapon. *See* S.H. Tr.-01[1] at 59; S.H. Tr.-02 at 54. On June 11, 2001, petitioner pled guilty to the aggravated robberies, and the court placed him on five years deferred adjudication probation. *See* S.H. Tr.-01 at 62; S.H. Tr.-02 at 57. Lisa DeWitt represented petitioner during these proceedings. *See* S.H. Tr.-01 at 50; S.H. Tr.-02 at 45. Petitioner did not appeal that placement. (Mem. Supp. at 1.)

On January 18, 2002, the State moved to revoke petitioner's probation and requested final adjudication of his offenses for various probation violations, including failing to report to his probation officer for three months, failing to pay court-ordered costs and fines, and engaging in additional criminal activity based on charges of unauthorized use of a motor vehicle (UUMV) in Cause No. F01-41103-LN. *See* S.H. Tr.-01 at 66-67; S.H. Tr.-02 at 61-62. On that same date, the trial court conducted a joint revocation and sentencing hearing on petitioner's two aggravated robbery convictions as well as a plea and sentencing hearing on the UUMV offense. *See* Rep.'s R., Vol. III [hereinafter cited as RR-volume # at page]. Petitioner pled guilty to the new charge in exchange for a nine-month sentence and pled true to the probation violations on an open plea. *Id.* at 8-10. Teresa Hawthorne represented petitioner at these proceedings. *See id.* at 1; S.H. Tr.-01 at 50; S.H. Tr.-02 at 45; S.H. Tr.-03 at 31-32. The court revoked petitioner's probation, adjudicated him guilty of the aggravated robbery offenses, and sentenced him to twenty-five years imprisonment for each of those offenses. RR-III at 19.

On May 29, 2003, the court of appeals dismissed petitioner's appeals for lack of jurisdiction because petitioner's guilty pleas prohibited him from asserting the claims raised therein. *See Martinez*

---

[1] "S.H. Tr." followed by -01, -02, or -03 respectively denotes the state habeas records attached to *Ex parte Martinez*, No. 61,017-01, slip op. (Tex. Crim. App. May 17, 2006); *Ex parte Martinez*, No. 61,017-02, slip op. (Tex. Crim. App. May 17, 2006); or *Ex parte Martinez*, No. 61,017-03, slip op. (Tex. Crim. App. Sept. 14, 2005).

2

*v. State*, Nos. 05-02-00203-CR, 05-02-00204-CR, 05-02-00205-CR, unpub. op. at 2-3 (Tex. App. – Dallas May 29, 2003, pet ref'd) (noting that petitioner complained about his attorney (1) failing to investigate his cases after he was indicted for UUMV and facing adjudication; (2) failing to know his true name; and (3) convincing him to plead guilty and true instead of contesting the allegations against him). On September 3, 2003, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Mem. Supp. at 1-2.)

On November 20 and 21, 2003, petitioner filed state applications for writ of habeas corpus to challenge his aggravated robbery convictions. *See* S.H. Tr.-01 at 2; S.H. Tr.-02 at 2. On March 30, 2005, the Texas Court of Criminal Appeals remanded the applications for evidentiary hearings or affidavits. *See Ex parte Martinez*, No. 61,017-01, slip op. at 1 (Tex. Crim. App. Mar. 30, 2005); *Ex parte Martinez*, No. 61,017-02, slip op. (Tex. Crim. App. Mar. 30, 2005). On May 17, 2006, the Texas Court of Criminal Appeals denied the applications without written order on findings of trial court without a hearing. *See Ex parte Martinez*, No. 61,017-01, slip op. at 1 (Tex. Crim. App. May 17, 2006); *Ex parte Martinez*, No. 61,017-02, slip op. at 1 (Tex. Crim. App. May 17, 2006).

On April 9, 2007, petitioner filed this petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). On June 25, 2007, the Court received an amended brief in support of petitioner's federal petition. (*See* Am. Br. Supp. at 1.) Respondent thereafter filed an answer and provided the state-court records. (*See* Answer at 1.) Petitioner filed a reply brief in August 2007. (*See* Reply at 1.)

C. **Substantive Issues**

In three grounds for relief, petitioner raises the following claims: (1) involuntary guilty plea;

(2) involuntarily pleas of true to the alleged probation violations; (3) coercion to plead guilty; (4) ineffective assistance of counsel at and prior to his placement on deferred adjudication probation; and (5) ineffective assistance of counsel at the adjudication and sentencing proceeding. (Pet. at 7.)

**D. Procedural Issues**

Respondent contends that petitioner's claims concerning his deferred adjudication probation proceedings (Claims 1, 3, and 4) are untimely. (Answer at 5-8.) He further contends that part of Claims 2 and 5 are procedurally barred. (*Id.* at 11-15.)

## II. DEFERRED ADJUDICATION PROBATION CLAIMS

Claims 1, 3, and 4 relate to petitioner's placement on deferred adjudication probation. In response to respondent's contention that these claims are untimely, petitioner argues that the claims should not be time-barred due to newly discovered evidence developed through the state fact finding process, and because the order placing him on deferred adjudication was not a final judgment. (Reply at 2-6.) He also makes a brief reference to a state-created impediment. (*See id.* at 6.)

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Only subparagraphs (A), (B), and (D) are relevant in this action.

### A. Finality of Judgment of Conviction

On June 11, 2001, petitioner was placed on deferred adjudication probation. The Fifth Circuit has held that placement on deferred adjudication probation is a final judgment for purposes of the statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Petitioner urges the Court to follow the dissent in *Caldwell* to find that the order placing him on deferred adjudication probation does not constitute a judgment for purposes of 28 U.S.C. § 2244(d)(1)(A). *Caldwell* is binding on this Court. Because petitioner filed no appeal from the judgment that placed him on deferred adjudication probation, such judgment became final on July 11, 2001, thirty days after he was placed on deferred adjudication probation. The limitations period commenced in this case in July 2001, unless delayed by a State-created impediment or later-discovered facts that could not have been discovered earlier with the exercise of due diligence.

### B. Impediment

Anticipating rejection of the invitation to apply *Caldwell*'s dissenting opinion, petitioner suggests that the deferred adjudication probation process constitutes a State-created impediment within the meaning of 28 U.S.C. § 2244(d)(1)(B).

Although petitioner attempts to invoke § 2244(d)(1)(B), he has shown no impediment that falls within its purview. To satisfy this subparagraph, "the prisoner must show that: (1) he was pre-

5

vented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). While this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The impediment must prevent the filing of his federal application. *Davis v. Dretke*, No. 4:05-CV-398-Y, 2005 WL 2693002, at *2 (N.D. Tex. Oct. 19, 2005) (accepting recommendation of United States Mag. J.); *Green v. Dretke*, No. 3:03-CV-1424-K, 2004 WL 1844589, at *2 (N.D. Tex. Aug. 17, 2004) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. Oct. 7, 2004).

The Texas deferred adjudication probation process does not fall within the purview of a State-created impediment within the meaning of § 2244(d)(1)(B). Petitioner could have filed his petition regardless of that process. Therefore, the one-year statute of limitations is calculated from the date petitioner's judgment of conviction became final unless further delayed under § 2244(d)(1)(D).

**C. Factual Predicate**

Petitioner attempts to rely on alleged newly discovered evidence to delay commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(D). (Reply at 2-3.) He contends that affidavits submitted in the state habeas process are "pertinent to the present matter" and could not have been obtained earlier with the exercise of due diligence. (*Id.* at 3.)

Petitioner has the burden to establish the applicability of subparagraph (D). *See Norrid v. Quarterman*, No. 4:06-CV-403-A, 2006 WL 2970439, at *1 (N.D. Tex. Oct. 16, 2006). He has not carried that burden. He relies on affidavits filed in his state habeas cases by the attorneys who had

6

represented him in the state proceedings. *See* S.H. Tr.-01 at 57-58 (Aff. of DeWitt); S.H. Tr.-02 at 52-53 (same affidavit); Supp. S.H. Tr.-02[2] at 6 (Aff. of DeWitt dated Mar. 22, 2006); S.H. Tr.-03 at 38) (Aff. of Hawthorne). Rather than supporting his claims as required by subparagraph (D), these affidavits were filed in response to the claims of ineffective assistance of counsel raised in the state habeas actions. Hawthorne's affidavit does not even relate to the original plea proceedings when petitioner was placed on deferred adjudication probation. Because the affidavits do not provide newly discovered evidence supporting petitioner's claims, they do not delay commencement of the limitations period. Furthermore, even if the affidavits were construed as providing previously unknown facts to support petitioner's claims, petitioner has not demonstrated that he could not have timely discovered such facts earlier with the exercise of due diligence. He provides nothing to show that he made any attempt to obtain an affidavit from his attorneys to support his claims.

For all of these reasons, as § 2244(d)(1) relates to this case, the one-year statute of limitations is calculated from the date petitioner's conviction became final, *i.e.*, July 11, 2001, in accordance with subparagraph (A). Because he filed his federal petition more than one year after that date, a literal application of § 2244(d)(1) renders his April 9, 2007 filing untimely.

## D. Tolling

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

---

[2] "Supp. S.H. Tr.-02" denotes a supplemental record related to *Ex parte Martinez*, No. 61,017-02, slip op. (Tex. Crim. App. Sept. 14, 2005).

28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Petitioner had until July 2002 to assert claims related to his placement on deferred adjudication probation. Because petitioner did not file a state habeas application until November 2003, he is entitled to no statutory tolling under 28 U.S.C. § 2244(d)(2).

Furthermore, although the limitations period may be equitably tolled in rare and exceptional circumstances, *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), petitioner presents no circumstances that warrant such tolling. "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted). Application of *Caldwell* to determine when the limitations period commences provides no basis of itself for equitable tolling. *See Anderson v. Quarterman*, No. 3:06-CV-2267-M, 2007 WL 1435580, at *3 (N.D. Tex. May 15, 2007) (accepting recommendation of Mag. J.); *Arnone v. Quarterman*, No. 3:06-CV-0868-K, 2007 WL 36019, at *3-4 (N.D. Tex. Jan. 4, 2007) (same). "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

For the foregoing reasons, Claims 1, 3, and 4 are untimely.

## III. REVOCATION AND SENTENCING CLAIMS

In Claims 2 and 5, petitioner alleges that he involuntarily pled true to the alleged probation violations, and received ineffective assistance of counsel at the adjudication and sentencing proceeding. (Pet. at 7.) He claims that his pleas of true were rendered involuntary because Hawthorne failed to read the file, know his name, or investigate the case. According to petitioner, counsel told him that he would be reinstated on probation if he entered an open plea of true to the alleged probation violations, and he had no choice but to plead true due to the lack of investigation by his attorney. (Mem. Supp. at 13-14, 18.) In his reply brief, he argues that his attorney's ineffective assistance "prejudiced the opportunity to accept" an offered ten-year sentence. (Reply at 9.)

Courts in this district have found that a plea of true to revocation allegations must be entered voluntarily and intelligently in the same manner as a plea of guilty to criminal charges. *See, e.g., Derringer v. Quarterman*, No. 3:06-1471-M, 2007 WL 604002, at *2-3 (N.D. Tex. Feb. 27, 2007) (accepting recommendation of Mag. J.); *Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *7-8 (N.D. Tex. Apr.11, 2003) (accepting recommendation of Mag. J.).[3] Consequently, a "totality of the circumstances" standard determines whether a "plea of true to alleged probation violations is voluntary and intelligent." *Whitten*, 2003 WL 21509163, at *8. As with a guilty plea, a petitioner may challenge a plea of true on grounds that his or her attorney rendered

---

[3] Respondent argues that the state court's rejection of petitioner's claim did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court, and that petitioner has not shown his plea of true to be involuntary. (Answer at 15.) As in *Whitten*, the Court assumes *arguendo* that the requirement that a plea be voluntary and intelligent applies in the present context. *See Whitten*, 2003 WL 21509163, at *8.

ineffective assistance of counsel.[4]  *See id.* at *10.

To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).[5] This standard applies to challenges to a plea of true to revocation allegations in the context of deferred adjudication probation. *Whitten*, 2003 WL 21509163, at *10.

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The

---

[4] Respondent argues that petitioner has not shown that he had a right to counsel at his revocation proceedings. (*See* Answer at 15-16.) He concedes, however, there is a limited right to counsel in the probation revocation context. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787-91 (1973). The Court assumes, without deciding, that petitioner may challenge his pleas of true on grounds of ineffective assistance of counsel.

[5] Respondent argues that petitioner has failed to produce any Supreme Court authority that establishes the level of representation to which he was entitled during the revocation proceedings. (Answer at 15-16.) Nevertheless, he applies the *Strickland* analysis "in the interests of disposing" of petitioner's claims on the merits. (*Id.* at 16.)
> The Court need not determine whether *Strickland* provides the applicable Supreme Court precedent for determining whether counsel rendered ineffective assistance. If petitioner's claims of ineffective assistance fail under *Strickland*, they would necessarily fail under any lesser standard which might apply in the present context. Thus, in the interests of judicial economy, the Court proceeds to review petitioner's claims under the standard in *Strickland* for purposes of this motion.

*Scott v. Dretke*, No. 3:02-CV-1105-D, 2004 WL 2599450, at *3 (N.D. Tex. Nov. 15, 2004) (recommendation of Mag. J.), *accepted by* 2004 WL 2975199 (N.D. Tex. Dec. 14, 2004).

prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). In the context of a plea of true to alleged probation violations, the prisoner must show a reasonable probability that, but for deficiencies of counsel, he would not have admitted the probation violations and would have insisted that the State prove them. *Whitten*, 2003 WL 21509163, at *11. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Further, petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

At the revocation proceedings, the court informed petitioner that the State had alleged that he had violated several terms of his probation, including failures to report and pay fees and commission of new crimes. *See* RR-III at 6. Petitioner stated on the record that he was voluntarily entering his pleas of true. *Id.* at 10. He also voluntarily signed written pleas of true and stipulations of evidence. *Id.* at 11-12; S.H. Tr.-01 at 76-77; S.H. Tr.-02 at 71-72. By signing those documents in each case, petitioner intended to admit that he had violated his probation as alleged. RR-III at 12. Petitioner testified that it was his idea to go with an open plea on his two aggravated robbery cases. *Id.* at 17.

The record reflects that petitioner had a clear understanding of the proceedings against him, the nature of the alleged probation violations, and the consequences of entering his pleas of true.

11

Petitioner has not overcome the presumption of verity accorded solemn declarations made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (holding that "[s]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal"). He has not overcome the presumption of regularity and "great weight" accorded state-court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are accorded "great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records are entitled to a "presumption of regularity"). Based upon the record of the revocation proceedings, it appears that petitioner voluntarily entered his pleas of true to the alleged probation violations.

Petitioner has provided no basis for this Court to find his pleas of true involuntary based upon his allegations of ineffective assistance of counsel. He has not overcome the strong presumption that his attorney's conduct falls within the wide range of reasonable assistance. Notably, in her affidavit submitted in petitioner's habeas case related to the UUMV offense, Hawthorne denied that she rendered ineffective assistance, denied that she ever told petitioner to plead to the revocation allegations, and stated that petitioner chose to enter the pleas of true. S.H. Tr.-03 at 38. The court found Hawthorne "trustworthy" and the statements in her affidavit "worthy of belief." *See id.* at 32. The credibility finding is presumed correct unless petitioner rebuts it with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not shown clear and convincing evidence which overcomes that presumption.

Moreover, petitioner has not shown how the alleged deficiencies of counsel prejudiced him. While the record shows there was some confusion as to petitioner's true name at the revocation proceedings, the name had been corrected in the original plea proceedings and was corrected at the

revocation proceedings for the new charge against petitioner. *See* RR-III at 4-5. Likewise, although he asserts that his attorney failed to contact the alleged victim of the new charge against him or the arresting officers on that case, this failure does not render his pleas of true involuntary. Petitioner's guilty plea to the new charge provided ample reason to revoke his probation with or without the plea of true to the alleged probation violation based on that offense.

In addition, regardless of the UUMV charge, petitioner's plea of guilty thereto, or his plea of true related to that charge, the court had a sufficient basis to revoke petitioner's probation based upon the other alleged probation violations to which petitioner also pled true, *i.e.*, failures to report to probation officer and pay imposed costs and fines. When one pleads true to facts "of the kind that generally can be clearly proved with relative ease [even] absent admission," one does not "raise a reasonable probability that, but for his counsel's errors," he would have not entered a plea and forced the State to prove such facts. *See Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988). Alleged failures to report to probation officer and to pay fines "are the types of facts that are easily proven with or without petitioner's admission." *See Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *11 (N.D. Tex. Apr.11, 2003) (accepting recommendation of Mag. J.). Because petitioner's claims and arguments ignore the other bases for revoking his probation, adjudicating him guilty, and imposing sentence, he has not affirmatively shown any prejudice from the alleged deficiencies of counsel.

Under the totality of the circumstances, no ineffective assistance of counsel rendered petitioner's pleas of true involuntary. Claims 2 and 5 entitle petitioner to no federal habeas relief.

### IV. EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court

13

as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED** this 20th day of January, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE